UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,

vs.

OWEN ELLIOT,

             Defendant.
_____/

No. 05-CR-80592

District Judge Victoria A. Roberts

Magistrate Judge R. Steven Whalen

**OPINION AND ORDER DENYING MOTION
FOR PRODUCTION OF CONFIDENTIAL INFORMANT**

Before the Court is Defendant's Motion for Production of Confidential Informant [Docket #13], which has been referred for hearing and determination pursuant to 28 U.S.C. §636(b)(1)(A). For the following reasons, the Defendant's Motion is DENIED.

**I.   BACKGROUND FACTS**

The Defendant is charged in a three-count indictment with (1) possession with intent to distribute cocaine, 21 U.S.C. §841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §924 ( c ); and (3) being a felon in possession of a firearm, 18 U.S.C. §922(g). The charges arose out of a police stop of a car in which the Defendant was a passenger, on July 5, 2004. The purported reason for the stop, according to police reports, was that the car failed to signal when changing lanes. A subsequent automobile search unearthed the drugs and the gun upon which the indictment is based.

The Defendant filed a motion to suppress the evidence seized pursuant to the

automobile search. In response, the government asserted not only that the stop and search of the car were justified by the traffic stop, but that "the traffic stop occurred in the immediate aftermath of a narcotics investigation involving a 'controlled buy' witnessed by officers, in which the defendant had participated only minutes before the traffic stop. Consequently the officers had probable cause to search in the process of a valid automobile search." *Government's Response in Opposition to Motion to Suppress*, ¶2.

The "controlled buy" which allegedly preceded the stop involved a confidential police informant who was given pre-recorded funds with which to make the narcotics purchase. In the present motion, Defendant states that "the Dearborn Heights Police indicate in their reports that they witnessed Mr. Elliot make a hand-to-hand sale to the informant," and asks the Court to order the production of the informant at the evidentiary hearing on the motion to suppress. The government states that the hand-to-hand sale which the officers witnessed was between the Defendant and another individual, not the informant.

On October 6, 2005, the Court took the present motion under advisement and ordered the government to produce the informant for an *in camera* hearing. That hearing was held on October 24, 2005.

## II.   LEGAL PRINCIPLES

Based on a public interest in protecting the flow of information to the police in the course of criminal investigations, the courts have long recognized a governmental privilege which shields disclosure of the identity of a confidential informant. *See Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). However, the privilege is not

absolute, and is qualified by "balancing the pubic interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*, 353 U.S. at 62. To make an informed decision as to which party a balancing of these interests favors, courts may conduct an *in camera* examination of the witness or the confidential information. *See United States v. Straughter*, 950 F.2d 1223, 1232 (6th Cir. 1991) ("*In camera* review of such material provides the proper method of conducting the necessary balancing without unnecessarily disclosing the confidential informant's identity"); *United States v. McManus*, 560 F.2d 747, 751 (6th Cir. 1977), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 798 (1977).

To justify an *in camera* review, the initial burden is on the defense to show a reasonable probability that the informant can give relevant testimony. *McManus* at 751. If the defendant makes that threshold showing, the burden shifts to the government to come forward with proof in an *in camera* proceeding that the informant would not be helpful to the defense. *Id; United States v. Straughter, supra*, at 1232.

## III. ANALYSIS

The Court previously found that the Defendant had met his initial burden of showing at least a reasonable probability that the informant could give relevant testimony. This finding was based in part on the ambiguity of the circumstances surrounding the use of the informant, including whether he/she was the person who engaged in the hand-to-hand transaction allegedly observed by the officers. On October 24, 2005, the Court had the opportunity to examine the informant *in camera*. Based on that examination, the Court now

finds that the government has met its burden of showing that the informant has no information which would be sufficiently useful to the defense or relevant to the motion to suppress to overcome the *Roviaro* privilege. Therefore, the motion to produce the informant for the suppression hearing will be denied.[1]

The Defendant also requests documentation relating to the controlled narcotics purchase, stating, "Upon information and belief, the money recovered from Defendant's wallet was not prerecorded money." *Defendant's Motion*, ¶7. This documentation would consist of the pre-buy notes or reports describing by denomination and serial number the pre-recorded funds, and photocopies of the currency that was seized from the Defendant at the time of his arrest. These documents are discoverable under Fed.R.Crim.P. 16(a)(1)(E), and must therefore be produced. However, consistent with the denial of the request to produce the informant, any information related to the identity of the informant shall be redacted.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that the Defendant's Motion for Production of Confidential Informant is DENIED.

IT IS FURTHER ORDERED that the government shall produce for the Defendant

---

[1] Citing *United States v. Cummins*, 912 F.2d 98 (6th Cir. 1990) and *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), the government has also argued that apart from the issue of relevance, due process does not require the disclosure of an informant at a suppression hearing, as opposed to a criminal trial. In this case, given the Court's finding that the informant has no useful or relevant information, it is not necessary to decide whether or under what circumstances an informer would have to be produced for a suppression hearing.

notes or reports documenting the pre-recorded currency that the police gave to the informant, as well as photocopies of the currency that was seized from the Defendant at the time of his arrest. These documents shall be redacted as to any information relating to the identity of the informant.

                                          S/R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated: October 25, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 25, 2005.

                                          S/Gina Wilson
                                          Judicial Assistant